IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESUS ANTONIO CASTANEDA RIOS,  )<br>         Plaintiff,     )<br>v.                   )         No. 3:10-CV-402-M<br>                     )<br>DAVID ROARK, ET AL.,         )<br>         Defendants.    ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this action has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**Type of Case**

Plaintiff filed this complaint pursuant to the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1255a, the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701, *et seq.*, and the Declaratory Relief Act, 28 U.S.C. § 2202.

**Parties**

Plaintiff is a national of Mexico and is represented by retained counsel. Defendants are David Roark, District Director, United States Citizenship and Immigration Services; Michael Aytes, Director, United States Citizenship and Immigration Services; Perry Rhew, Chief USCIS Administrative Appeals Office; Janet Napolitano, Secretary Department of Homeland Security; and Eric Holder, United States Attorney General . The Court issued process in this case.

**Statement of Case**

On July 8, 2004, Plaintiff was granted temporary resident status under 8 U.S.C. § 1255a. On February 29, 2008, he filed an application for adjustment to permanent residence. Defendants denied the application, finding it was filed outside the statutory filing period. On March 24, 2008, Defendants served Plaintiff with a notice of termination of temporary resident status. Plaintiff timely filed an appeal. On January 29, 2010, Defendants dismissed the appeal. On February 26, 2010, Plaintiff filed this complaint.

Plaintiff seeks a declaratory judgment that he is not ineligible to adjust his status to a permanent resident. He also seeks to enjoin Defendants from denying him eligibility to adjust his status to a permanent resident.

On May 3, 2010, Defendants filed a motion to dismiss, arguing the Court lacks jurisdiction. Plaintiff did not file a response.

**Discussion**

**1.      Standard of Review**

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (Citation and footnote omitted.) However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937,

1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

**2.     Jurisdiction**

Under 8 U.S.C. 1255a, judicial review is limited to an order of deportation, rather than an order denying adjustment of status. *See* 8 U.S.C. § 1255a(f)(4)(a) ("[t]here shall be judicial review of such a denial [of adjustment of status] only in the judicial review of an order of deportation under section 1105a of this title (as in effect before October 1, 1996)"); *see also Rashed v. Acost*, 67 Fed. Appx. 252 (5th Cir. 2003) ("Because there was no jurisdiction to review the deportation order . . . the termination of Rashed's temporary resident status also was not reviewable by the district court."). In this case, Plaintiff is not subject to a final removal order. Additionally, if Plaintiff was subject to a final removal order, this Court would lack jurisdiction to review the order under the Real ID Act of 2005, 8 U.S.C. § 1252(a)(5). That statute provides that jurisdiction for review of a final removal order is proper only in the appropriate court of appeals, rather than the district court. *Id*.

Further, the APA does not provide jurisdiction to review Plaintiff's claim. The APA does not apply to the extent that other "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 702. Under 8 U.S.C. § 1252, Defendants' decision to grant or deny an application for adjustment of status is precluded from judicial review. Section 1252 states:

> [n]otwithstanding any other provision of law (statutory or nonstatutory) . . . and [28 U.S.C.] sections 1361 and 1651 . . . no court shall have jurisdiction to review –
>
> (i) any judgment regarding the granting of relief under section . . . 1255 [adjustment of status] . . .

8 U.S.C. § 1252. The APA therefore does not provide jurisdiction in this case.

Finally, the Declaratory Relief Act also does not provide jurisdiction. As the Fifth Circuit has stated, "[a] declaratory judgment claim is not jurisdiction-conferring; there must be an independent basis for federal jurisdiction." *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010) (citing *TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999)). The motion to dismiss for lack of jurisdiction should be granted.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Defendants' motion to dismiss be granted.

Signed this 24th day of June, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).